1 **WO**                                                                                              KM
2                              **NOT FOR PUBLICATION**

6                    **IN THE UNITED STATES DISTRICT COURT**
7                         **FOR THE DISTRICT OF ARIZONA**

9  Benny Berryman,                    )   No. CV 10-1156-PHX-GMS (LOA)
                                       )
10             Plaintiff,              )   **ORDER**
                                       )
11  vs.                                )
                                       )
12                                     )
    City of Phoenix Police Department, et )
13  al.,                               )
                                       )
14             Defendants.             )
                                       )
15  _____

17         Plaintiff Benny Berryman, who is confined in the Maricopa County Lower Buckeye
18  Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application
19  to Proceed *In Forma Pauperis*. The Court will dismiss the action.

20  **I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

21         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C.
22  § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).
23  The Court will assess an initial partial filing fee of $4.00. The remainder of the fee will be
24  collected monthly in payments of 20% of the previous month's income each time the amount
25  in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate
26  Order requiring the appropriate government agency to collect and forward the fees according
27  to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III. Complaint**

Plaintiff names the City of Phoenix Police Department, Chief of Police, Officer John Doe, and Sheriff as Defendants in the Complaint.

Plaintiff's raises two grounds for relief in the Complaint:

(1) Plaintiff's right to equal treatment and protection of the law was violated when, in June 1998, a Phoenix police officer told drug sellers and users that Plaintiff was a confidential informant and Plaintiff was then stabbed by a drug dealer; and

(2) Plaintiff's right to equal treatment and protection of the law was violated when, in February 2010, a Phoenix police officer approached Plaintiff while looking for drug evidence, told Plaintiff that "snitches wind up in ditches," and then said to someone on the street, "there goes that little snitch now."

Plaintiff seeks money damages.

**IV. Failure to State a Claim**

**A. Defendants**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendants Chief of Police or Sheriff personally

participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendants Chief of Police and Sheriff.

Further, Plaintiff has failed to make any allegations against the City of Phoenix Police Department. Defendant City of Phoenix Police Department will also be dismissed for failure to state a claim.

### B. Count I–Statute of Limitations

Plaintiff's claim in Count I is barred by the statute of limitations. In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. See Ariz. Rev. Stat. § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); Vaughan, 927 F.2d at 478.

"[A] claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). The events described in Count I occurred in June 1998, almost 12 years before Plaintiff filed the present action. Plaintiff's claims in Count I are therefore barred by the statute of limitations.

### C. Count II–Equal Protection

Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged he is a member of a protected class.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see

also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.

To the extent Plaintiff intends to claim that his safety was threatened by the officer's statements, "'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

The Court will dismiss Count II for failure to state a claim.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $4.00.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 3rd day of June, 2010.

_____
G. Murray Snow
United States District Judge